THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| VINNIE HWANG,<br><br>      Plaintiff,<br>v.<br><br>MARTIN O'MALLEY,<br>Commissioner of the Social Security Administration,<br><br>      Defendant. | Case No. 1:23-cv-124 DBP<br><br>MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES<br><br>Chief Magistrate Judge Dustin B. Pead |

  Plaintiff moves the court for an award of fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. (ECF No. 23.) Plaintiff's Counsel seeks an award of EAJA fees in the amount of $16,238.00 for 1.9 hours of attorney time at the rate of $258.82 per hour, 56 hours of attorney time at $265.29 per hour, and 8.9 paralegal hours billed at $100 per hour. The Commissioner objects to the amount sought in what it characterizes as a "routine case." The court agrees that Plaintiff's request is excessive under the circumstances and reduces it as set forth herein. Thus, the motion is granted in part.

## BACKGROUND

  This case is a straightforward appeal from the denial of Plaintiff's application for "Social Security Disability Insurance benefits and Supplemental Security Income benefits for lack of disability." Compl. p. 1, ECF No. 5. After the court granted Plaintiff's *in forma pauperis* request, Plaintiff filed a Complaint asserting two claims. First, Plaintiff alleged the Administrative Law Judge's (ALJ) decision that he was not disabled is not supported by substantial evidence. Second, Plaintiff avers the decision that he is not disabled is contrary to the Social Security Act and regulations.

Plaintiff filed his opening brief alleging the ALJ erred in considering certain medical opinions. After the court granted multiple extensions of time for the schedule in this case, the Commissioner moved via stipulation to remand to the Social Security Administration for further proceedings. (ECF No. 20.) The court granted the parties' stipulation. (ECF No. 21.) Judgment was entered in favor of Plaintiff and now, Plaintiff seeks attorney fees under the EAJA.[1]

## DISCUSSION

The Equal Access to Justice Act allows a prevailing party in Social Security cases to seek an award of fees and other expenses. Plaintiff obtained a remand from the court under sentence four of 42 U.S.C. § 405(g). He is therefore a prevailing party for purposes of EAJA. *See Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cri. 2007). Accordingly, Plaintiff is entitled to recover reasonable attorney fees from the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C § 2412(d)(1)(A). The Commissioner does not object to an EAJA fee in this case and there is no argument that its position was substantially justified or that special circumstances apply. Rather Commissioner asserts that the fee sought by Plaintiff is unreasonable given the circumstances in this case. Plaintiff filed a Complaint in this matter and an opening brief. Shortly thereafter the Commissioner sought remand that the court granted.

The court has discretion to determine what fees are reasonable under the circumstances. The Supreme Court has stated:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an

---

[1] Judgement was entered on July 8, 2022.

2

award of fees should submit evidence supporting the hours worked and rates claimed.

*Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S. Ct. 1933, 1939–40 (1983). The court is to exclude hours that were not reasonably expended. *See id*. "The burden is not for the court to justify each dollar or hour deducted from the total submitted by counsel. It remains counsel's burden to prove and establish the reasonableness of each dollar, each hour, above zero." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986). In exercising the "considerable discretion" this court has in deciding what constitutes a reasonable fee, the Tenth Circuit has directed district courts to heed the caution by the Supreme Court that:

> These statutes were not designed as a form of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client. Instead, the aim of such statutes was to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws. Hence, if [a plaintiff], find[s] it possible to engage a lawyer based on the statutory assurance that he will be paid a "reasonable fee," the purpose behind the fee-shifting statute has been satisfied.

*Id.* (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 3098 (1986)).

Plaintiff seeks an award of EAJA fees of $16,238.00 for attorney and paralegal work. In support, Plaintiff cites to the requirements for entering an EAJA award. These are: a party prevails, the Government's position is "not substantially justified", Plaintiff has net assets worth less than two million dollars, the case has concluded with a "final order", and it is non-appealable. Plaintiff argues this case meets all those requirements and therefore the request should be granted.

In response, Commissioner does not oppose an EAJA fee, but argues the request is unreasonable under the circumstances of this case and the court should exercise its discretion to

reduce it. Commissioner suggests a fee of $8,826.78 is reasonable for this case.[2] In support Commissioner cites to cases from the Tenth Circuit that have held a normal amount of hours for disability cases is between 20 and 40 hours. *See Halencak v. Berryhill*, 2018 WL 3354886, at *2 (W.D. Okla. July 9, 2018) ("Numerous courts have noted that an average of 20 to 40 hours of attorney time is typically expended to prosecute a social security appeal through to judgment on the merits in federal court."); *McIlrath v. Berryhill*, 2017 WL 2264500, at *3 (D. Kan. May 23, 2017) ("As judges in this district have noted for more than twenty years, a typical number of hours claimed in EAJA applications in 'straightforward' disability cases is between thirty and forty hours."); *see also, Chisholm v. Astrue*, 2015 WL 474345, at *1-2 (D. Kan. Feb. 5, 2015) (reducing time from 54.55 hours to 43.8 hours); *Edwards v. Astrue*, 2008 WL 4066100 (D. Kan. Aug. 28, 2008) (reducing time from 44.25 hours to 40 hours); *Brooks v. Barnhart*, 2006 WL 3027975, *2 (D. Kan. Sept. 25, 2006) (reducing time from 52 hours to 40 hours). Commissioner further argues that Plaintiff does not offer adequate justification for requesting nearly 1.45 times as many hours as courts have found was the maximum number of hours typically required for a fully briefed social security appeal, let alone one that required much less work.

The court agrees with Commissioner. Although the record here is quite lengthy, consisting of over 4,300 pages, Plaintiff's arguments are standard and not particularly fact intensive. Plaintiff fails to persuade the court that there is something unique or exceptional requiring monumental effort to pursue this case. Indeed, the matter was voluntarily remanded after only an opening brief was filed.

---

[2] Defendant calculates the suggested fee as "1.9 hours of attorney time at $258.82 per hour, 30.25 hours of attorney time at $265.29 per hour, and 3.1 hours of paralegal time, at $100 per hour." (ECF No. 25 p. 4.)

It is counsel's burden to establish the reasonableness of the request for EAJA fees and that burden is not met to the extraordinary amount sought by counsel in this case. *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1210 (10th Cir. 1986) ("The burden is not for the court to justify each dollar or hour deducted from the total submitted by counsel. It remains counsel's burden to prove and establish the reasonableness of each dollar, each hour, above zero."). "[W]hen the attorney's fee will be paid from public funds, the court bears the burden to 'ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve a favorable result.'" *Manzanares v. Colvin*, 2016 WL 6664622, at *2 (D. Colo. Nov. 10, 2016) (quoting *Honeycutt v. Colvin*, 2016 WL 4000930 at *7 (D. Kan. July 26, 2016) (citations and internal question marks omitted).

Commissioner requests the hours sought for review and briefing (54.5 hours) be reduced by half to 27.25 hours of attorney time. Other courts have followed a similar approach. *See Cline v. O'Malley*, 2024 WL 4137889, at *1 (D. Colo. Sept. 9, 2024) (reducing request of 71.2 hours of attorney time to 36.9 hours because counsel "failed to exercise reasonable billing judgment"); *Bess v. Kijakazi*, 2023 WL 2422205, at *2, *5 (D. Colo. Mar. 6, 2024) (finding counsel failed to exercise appropriate billing judgment in the case warranting a 40% reduction in claimed hours). Commissioner also requests the court strike time spent by the attorney and paralegal in clerical or overhead tasks which are not compensable under the EAJA. *See Hardister v. Kijakazi*, 2022 WL 2304284, at *3 (D. Utah June 27, 2022) (noting "standard clerical tasks are not compensable under the EAJA."). Finally, Commissioner requests that the requested paralegal time also be reduced in certain areas.

The essential goal of allowing fees in cases such as this "is to do rough justice, not to achieve auditing perfection," and the Supreme Court has cautioned that "trial courts need not,

5

and indeed should not, become green-eyeshade accountants" in determining an appropriate award, but "may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 2216, 180 L.Ed.2d 45 (2011). With the forgoing principles and cases in mind, the court finds counsel in this case failed to exercise reasonable billing judgment. The court is persuaded by Commissioner's position and finds the objection well taken. As such, the court adopts the proposed fees and hour calculations set forth by Commissioner.

## ORDER

For the reasoning set forth above, Plaintiff's Motion for EAJA fees is GRANTED IN PART. Plaintiff is awarded $8,826.78 in total fees for attorney and paralegal time as the court finds that amount reasonable under the circumstances.[3]

In accordance with the Tenth Circuit Court of Appeals, the award shall be made to Claimant as the prevailing party and not directly to Claimant's counsel. *See Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007). In addition, should Claimant's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. *See Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED.

DATED this 9 December 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[3] As noted by this court previously, "'litigation over attorney fees is singularly unproductive.'" *Hardister*, 2022 WL 2304284, at *3 (quoting *Cameron v. Barnhart*, 47 F. App'x 547, 551 (10th Cir. 2002)). And the Supreme Court has advised that a "request for attorney's fees should not result in a second major litigation." *Hensley et al. v. Eckerhart et al.*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941 (1983). Plaintiff's counsel is encouraged to exercise reasonable billing judgment in future requests for EAJA fees and avoid litigation such as this over fees.